# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JIMMIE L. ELLIS,**

    **Plaintiff,**

    v.                                                        Case No. 10-C-709

**SGT. PISCHKE, CAPTAIN RADTKE,**
**and CAPTAIN LIPINSKI,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He has paid the full filing fee.

Regardless of plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.

Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to the complaint, plaintiff was incarcerated at Columbia Correctional Institution at all times relevant. He alleges that on July 7, 2010, defendant Sergeant Pischke charged him with violating Rule 303.16[1], but Pischke was aware plaintiff did not violate that rule. That same day, defendant Captain Lipinski placed plaintiff in segregation on temporary lockup (TLU) for the threats charge, but Lipinski was also aware plaintiff did not violate the rule. On July 8, 2010, defendant Captain Radtke signed for Conduct Report (CR) 2096130 to proceed, but he was aware that it did not reflect the charge. At the July 25, 2010, disciplinary hearing on CR 2096130, Captain Keller found plaintiff not guilty of the threats charge because the statement in the conduct report did not fit that charge. Plaintiff alleges that as a result of placement in TLU, he was unable to go to school, shower everyday, work out at the gym three times per week, and go to church. In addition, he was required to be handcuffed to go to the law library, get a haircut, go to the dayroom, go to the Health Service Department, and go on a visit. Plaintiff claims that Captain Lipinski, Sergeant Pischke, and Captain Radtke violated his rights under the Due Process

---

[1] DOC 303.16 Threats. Any inmate who does any of the following is guilty of an offense:

(1) Communicates to another a plan to physically harm, harass or intimidate that person or another.
(2) Communicates a plan to cause damage to or loss of that person's or another person's property.
(3) Communicates a plan to make an accusation he or she knows is false.

Wis. Admin. Code § DOC 303.16.

Clause of the Fourteenth Amendment, the Fourth Amendment, and the Eighth Amendment. He seeks monetary damages.

Attached to plaintiff's complaint are, (1) Adult Conduct Report 2096130; (2) Disciplinary Hearing - Reasons for Decision and Evidence Relied on for Conduct Report 2096130; and (3) Notice of Offender Placed in Temporary Lockup. These documents shed light on the events described in plaintiff's complaint. See Fed. R. Civ. P. 10(c) (copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes).

Adult Conduct Report 2096130, which charged plaintiff with violating Rule 303.16 - Threats, and Rule 303.28 - Disruptive Conduct, includes the following description of the July 7, 2010 incident:

> On the above date and time, i/m Ellis, Jimmie 143029 exited his cell and loudly stated he wanted to see a white shirt, that he would not go back in his cell because it was flooded. I explained to him that the water problem needed to be fixed by maintenance and that he would be able to mop his floor when he was done with lunch. He continued his loud talking and then began stating, while pounding his palm and fist together, that I couldn't fight him. Once he reached the dayroom area, I attempted to again converse with Mr. Ellis, to which he continued to be loud causing all im's in the dayroom to take notice. Capt. Lipinski was notified and responded to unit. [ ] was placed in restraints and escorted to DS2 without further incident.

(Complaint Ex., Adult Conduct Report 2096130.) Captain Lipinski placed plaintiff in TLU on July 7, 2010, for "allegedly violating DOC 303.16 Threats & DOC 303.28 Disruptive Conduct." (Complaint Ex., Notice of Offender Placed in Temporary Lockup.)

At the July 25, 2010 disciplinary hearing on CR 2096130, plaintiff provided the following Offender Statement:

> 5 minutes before count the sink wouldn't stop and Pischke said he would be back. He didn't. He opened my door and I came out and told him I wasn't going back in the cell. He didn't shut off the water. He did say that maintenance needed to fix it but I just wanted the water shut off so my cell and the tier didn't get flooded. I did say he couldn't fight me but it wasn't in a threatening manor [sic]. He was saying shit to me like he was going to do

4

> something. I was drying my hands off with my shirt. I wasn't punching my fist into my hands. I was upset, I just wanted the water shut off.

(Complaint Ex., Disciplinary Hearing.) Plaintiff was found guilty of Rule 303.28, Disruptive Conduct, and not guilty of Rule 303.16, Threats. The Reason for Decision for the not guilty finding states, "With the statement that the accused made that staff couldn't fight him appears unclear to fit the charge of 303.16." Id. Plaintiff received a disposition of 60 days disciplinary segregation.

## ANALYSIS

Plaintiff challenges his July 7, 2010 placement in TLU. Presumably, his stay in TLU lasted for eighteen days, until his July 25, 2010 disciplinary hearing on CR 2096130, at which time he received a 60-day segregation disposition. In any event, there is no indication that plaintiff's stay in TLU lasted beyond the twenty-one day limit set forth in the Wisconsin Administrative Code. See Wis. Admin. Code § DOC 303.11 ("The institution shall not allow any inmate to remain in TLU more than 21 days, except that the warden may extend this period for up to 21 additional days").

Although inmates have a Fourteenth Amendment liberty interest in avoiding placement in conditions posing significant hardships atypical of ordinary prison life, Wilkinson v. Austin, 545 U.S. 209, 222-23 (2005); Sandin v. Conner, 515 U.S. 472, 484 (1995), they do not have a liberty interest in avoiding placement in discretionary segregation, meaning "segregation imposed for administrative, protective, or investigative purposes," Townsend v. Fuchs, 522 F.3d 765, 771-72 (7th Cir. 2008) (citations omitted). Thus, plaintiff's placement in TLU does not give rise to a due process claim, even if such placement was the result of false charges made against him by officers. Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005) (placement in segregation for short period does

5

not result in deprivation of liberty interest even if placement was the result of fabricated evidence).

Finally, plaintiff claims that the conditions in TLU were restrictive. However, his allegation that, while in TLU, he was required wear handcuffs to engage in certain activities does not implicate the Constitution. Moreover, there is no constitutional right to attend school, church, to work out at the gym three times a week, or to shower daily while incarcerated. See Thomas v. Ramos, 130 F.3d 754, 760 (7th Cir. 1997) (an inmate's confinement in disciplinary segregation for seventy days where the inmate was not permitted to take any classes, use the gym, work at an assignment, earn wages, have access to a day room or take programs offered to inmates in the general population and protective custody did not impose an atypical or significant hardship); Higgason v. Farley, 83 F.3d 807, 809 (7th Cir. 1995) (an inmate's confinement in disciplinary segregation where he experienced frequent lockdowns, restricted access to the law library, denial of educational opportunities, and loss of social and rehabilitative activities did not impose an atypical or significant hardship); Williams v. Ramos, 71 F.3d 1246, 1248-1249 (7th Cir. 1995) (a segregated inmate's catalogue of harms, which included being locked in a closed-front cell 24 hours per day, being handcuffed when permitted to leave his cell for showers, medical care, or exercise, being restricted from activities available to other inmates, and having only limited contact with staff and other inmates, did not greatly exceed what one could expect from prison life); see also Davenport v. DeRobertis, 844 F.2d 1310, 1316 (7th Cir. 1988) (one shower per week is constitutionally sufficient).

Finally, plaintiff has filed several documents purporting to amend certain portions of the complaint. On September 13, 2010, he filed Statement of Claim, which is virtually identical to a section by the same name in the complaint, except that the former is typed.

On October 25, 2010, he filed revised pages 4-5 of the complaint, and the only revision is a request for attorneys fees. These changes do not affect the court's conclusion that the complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 9th day of December, 2010.

/s_____
LYNN ADELMAN
District Judge